**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| EMORY PEAK WELLNESS, LLC d/b/a EKRIN ATHLETICS, | Civil Action No. 2:24-cv-04263-BHH |
| Plaintiff, | |
| v. | **COMPLAINT** |
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC, | |
| Defendants. | |

Plaintiff Emory Peak Wellness, LLC, which does business as Ekrin Athletics ("Plaintiff"), brings this action against Defendants Hyper Ice Inc. and Hyperice IP Subco, LLC (collectively "Hyperice" or "Defendants") and alleges the following.

**<u>PARTIES</u>**

1.      Emory Peak Wellness, LLC is a Texas LLC, which does business as Ekrin Athletics in all 50 of the United States, including South Carolina. Plaintiff's operational headquarters are in South Carolina, and the majority of Plaintiff's full-time employees reside in South Carolina.

2.      Defendant Hyper Ice, Inc. is a corporation organized under the laws of the State of California and does business in all 50 of the United States, including South Carolina.

3.      Defendant Hyperice IP Subco, LLC is a limited liability company organized under the laws of the State of Delaware. Hyperice IP Subco, LLC is a wholly owned subsidiary of Hyper Ice, Inc.

**NATURE OF THE ACTION**

4.      This is an action under the Declaratory Judgment Act, 28 U.S.C §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, seeking a declaratory judgment that U.S. Patent Number 11,938,082 ("the '082 Patent") is invalid and unenforceable and that Plaintiff's products do not infringe the '082 Patent.

5.      This is also an action for tortious interference with contractual relations, intentional interference with prospective contractual relations, and unfair trade practices related to Hyperice's efforts to have Plaintiff's products removed from Amazon.com ("Amazon") by falsely claiming they infringe the '082 Patent.

**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction over Plaintiff's declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7.      This Court has subject matter jurisdiction over Plaintiff's tortious-interference and unfair-trade-practices claims pursuant to 28 U.S.C. §1332 and because they share a common nucleus of operative fact with Plaintiff's declaratory judgment claims.

8.      This Court has personal jurisdiction over Hyperice because, among other reasons, Hyperice conducts business in South Carolina including by selling products to retail stores in South Carolina and selling products directly to South Carolina residents via their website and online marketplaces like Amazon.com ("Amazon"). Defendants have also engaged in tortious conduct affecting residents of South Carolina, including employees of Plaintiff and potential customers of Plaintiff.

9.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendants are subject to personal jurisdiction in this District.

**GENERAL ALLEGATIONS**

10.    The '082 Patent is entitled "Massage Device Having Variable Stroke Length" and names Philip C. Danby and John Charles Danby as inventors. According to the face of the '082 Patent, it was issued March 26, 2024, and Defendant Hyperice IP Subco LLC is the assignee.

11.    Defendants arrange for the manufacture of, offer for sale, and sell massage devices.

12.    Defendants offer for sale and sell some of their massage devices on Amazon. Defendants also offer for sale and sell some of their massage devices on their website, hyperice.com. Defendants also sell some of their massage devices to retailers in South Carolina, which then resell them to South Carolina residents, including at Target brand stores located in Charleston County.

13.    Plaintiff also arranges for the manufacture of, offers for sale and sells massage devices, including the Ekrin Bantam, Ekrin 365, Ekrin B37, Ekrin B37S, and Ekrin Kestrel (collectively, "Ekrin Products").

14.    Plaintiff offers for sale and sells its massage devices via its website, ekrin.com, and Amazon.

15.    None of the Ekrin products (or any other of Plaintiff's products) infringe the claims of the '082 Patent.

16.    On information and belief, on or about June 18, 2024, without warning to Plaintiff, Defendants contacted Amazon and falsely asserted to Amazon that at least four of Plaintiff's products infringe the '082 Patent, namely the Ekrin Bantam, Ekrin 365, Ekrin B37, and Ekrin B37S.

17.     As result, without any warning to Plaintiff, Amazon removed four of Plaintiff's products from its marketplace, preventing potential customers from purchasing Plaintiff's products.

18.     In an email from Amazon to Plaintiff on or about June 18, 2024, Amazon provided the following information about the reason for the removal of Plaintiff's products from Amazon:

> Infringement type: Patent
> IP asserted:     11,938,082
> Complaint ID: 15463816251
> Rights owner name:  HYPERICE
> Rights owner email: barnold@hyperice.com

19.     On information and belief, the rights owner identified in the email from Amazon as "HYPERICE" refers to Defendants.

20.     The email address provided by Amazon is an email address used by Brian Arnold, Hyperice's Assistant General Counsel.

## COUNT 1

### Declaratory Judgment that the '082 Patent is Invalid

21.     Plaintiff incorporates the allegations set forth above as if fully set forth herein.

22.     One or more claims of the '082 Patent are invalid for failing to meet the conditions for patentability under 35 U.S.C. §§101 *et seq.* (including sections 101, 102, 103, and/or 112) and/or because Defendants engaged in fraud, inequitable conduct, or violated their duty of disclosure in obtaining the '082 Patent.

23.     An actual controversy exists between Plaintiff and Defendants as to whether the '082 Patent is valid based on Defendants allegations to Amazon that Plaintiff's products infringe the '082 Patent.

24.     Plaintiff has been injured and damaged by Defendants' allegations of infringement and could be further harmed by future allegations of infringement to Amazon or other third parties.

25.     Plaintiff therefore seeks a declaration that the claims of the '082 Patent are invalid.

## COUNT 2

**Declaratory Judgment that the Ekrin Products do not Infringe the '082 Patent**

26.     Plaintiff incorporates the allegations set forth above as if fully set forth herein.

27.     Plaintiff has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '082 Patent.

28.     Defendants have alleged that four of the five Ekrin Products infringe the '082 Patent.

29.     An actual controversy exists between Plaintiff and Defendants because Defendants have alleged to Amazon that Plaintiff's products infringe the '082 patent, causing injury and damages to Plaintiff.

30.     Plaintiff therefore seeks a declaration that none of its products, including the five Ekrin Products, infringe any valid and enforceable claim of the '082 Patent.

## COUNT 3

**Tortious Interference with Contractual Relations**

31.     Plaintiff incorporates the allegations set forth above as if fully set forth herein.

32.     Plaintiff has an existing contract with Amazon and had an existing contract with Amazon in June 2024 in which, among other terms, Amazon agreed to list Plaintiff's products on

its marketplace and Plaintiff agreed to pay Amazon a portion of the proceeds from sales of its products on Amazon.

33.    Defendants knew that Plaintiff had a contract with Amazon because they could see that Plaintiff's products were listed on Amazon. Defendants have a similar contract with Amazon to list their own products on Amazon.

34.    Defendants intentionally procured Amazon's breach of its contract with Plaintiff by falsely alleging that Plaintiff's products infringed the '082 patent causing Amazon to remove Plaintiff's products from its public marketplace without justification.

35.    Defendants did not have justification for alleging that Plaintiff's products infringe the '082 Patent because it knew or should have known that Plaintiff's products do not infringe the '082 Patent.

36.    As a result of Defendants' intentional interference with Plaintiff's contract with Amazon, Plaintiff has suffered damages, including lost profits, damage to goodwill, and other direct and consequential damages.

37.    Defendant's tortious conduct was willful, wanton, and/or reckless.

38.    As a result of Defendants' willful, wanton, and/or reckless conduct, Plaintiff is entitled to, and does hereby seek punitive damages.

## COUNT 4

### Intentional Interference with Prospective Contractual Relations

39.    Plaintiff incorporates the allegations set forth above as if fully set forth herein.

40.    When Defendants falsely alleged to Amazon that Plaintiff's products infringe the '082 Patent, they knew or should have known that their allegation of infringement would cause Amazon to remove the listings for the allegedly infringing products. Defendants also knew or

should have known that if the listings were removed, it would prevent Plaintiff from selling those products to customers who would have purchased Plaintiff's products had the listings not been removed. Thus, Defendants intentionally interfered with Plaintiff's prospective contractual relations with potential customers who would have purchased Plaintiff's products if not for Defendants' improper conduct.

41.    Defendants' intentional interference was for an improper purpose and by improper methods. Defendants knew or should have known that Plaintiff's products do not infringe the '082 Patent. Defendants' purpose in alleging the infringement was to cause injury to Plaintiff and to coerce Plaintiff into entering a license agreement with Defendants, which is an improper purpose. Defendants use of false statements to Amazon to convince Amazon to remove the listings of Plaintiff's products constitutes an improper method.

42.    As a result of Defendants' intentional interference with Plaintiff's prospective contractual relations, Plaintiff has suffered damages, including lost profits, damage to goodwill, and other direct and consequential damages.

43.    Defendant's tortious conduct was willful, wanton, and/or reckless.

44.    As a result of Defendants' willful, wanton, and/or reckless conduct, Plaintiff is entitled to, and does hereby seek punitive damages.

## COUNT 5

### Violation of South Carolina Unfair Trade Practices Act

45.    The South Carolina Unfair Trade Practices Act ("SCUPTA"), S.C. Code 39-5-10 *et seq.*, makes it unlawful to engage in unfair or deceptive acts or practices in the conduct of any trade or commerce.  Section 39-5-140 of the SCUPTA provides that any person who has suffered

an ascertainable loss as a result of an unfair or deceptive method, act or practice may bring an action to recover damages.

46.     Defendants have engaged in unfair and/or deceptive acts or practices in the conduct of trade or commerce. Specifically, by claiming to Amazon that Plaintiff's products infringe the '082 Patent when Defendants knew or should have known that they do not infringe the claims of the '082 Patent, Defendants engaged in an unfair and deceptive act or practice.

47.     On information and belief, Defendants have made similar false claims of infringement to Amazon regarding other massage devices sold by other persons and entities. As a result, Defendants' conduct affects the public interest. Defendant's conduct also affects the public interest because Defendants' conduct reduces the options for consumers in the market of massage devices, and that lack of choice and lack of competition negatively affects consumers.

48.     As a result of Defendants' unfair and deceptive trade practices, Plaintiff has suffered damages, including lost profits, damage to goodwill, and other direct and consequential damages.

49.     Defendants knew or should have known that their employment of the unfair and deceptive methods, acts and/or practices was a violation of the SCUPTA, and as a result, was a willful and knowing violation.

50.     Because Defendants' conduct was a knowing and willful violation of the SCUPTA, Plaintiffs are entitled to and hereby seek an award of three times the actual damages sustained and an award of reasonable attorneys' fees and costs.

<u>**PRAYER FOR RELIEF**</u>

Therefore, Plaintiff respectfully requests the following relief:

a.      A judgment and declaration that all claims of the '082 Patent are invalid and unenforceable;

b.      A judgement and declaration that Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '082 Patent, willfully or otherwise;

c.      A judgment and award of compensatory damages for the injury caused by Defendants' tortious conduct;

d.      A judgment and award of treble damages pursuant to the SCUTPA;

e.      A judgment and award of punitive damages;

f.      A judgment and award of attorneys' fees and any other costs of this suit;

g.      Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

_____*s/Robert A. Darby*_____
Robert A. Darby  (Fed. ID. No. 13193)
423 Station 22 ½ St.
Sullivan's Island, SC 29482
Ph: (843) 749-9772
Email: robert.darby@gmail.com

Attorney for Plaintiff

August 1, 2024
Sullivans Island, South Carolina